## FIRST DEPARTMENT, FEBRUARY, 1924.

E. H. STAFFORD MANUFACTURING COMPANY, Respondent, *v.* JASON BUILDING COMPANY, INC., Appellant.

*Corporations — foreign corporations — defense that plaintiff is doing business in State of New York contrary to statute is without merit — appeal — questions not raised below will not be heard on appeal.*

Appeal from an order of the Supreme Court, made at the New York Special Term and entered in the New York county clerk's office March 28, 1923, denying the defendant's motion to dismiss the plaintiff's complaint. (See Rules Civ. Prac. rule 106, subd. 5; Id. rule 107, subd. 3; Gen. Corp. Law of 1909, § 15, as amd. by Laws of 1917, chap. 594;* Tax Law, § 181, as amd. by Laws of 1917, chap. 490; Laws of 1921, chap. 705, and Laws of 1922, chap. 375.)

PER CURIAM: The contention made by the appellant that the respondent is doing business in the State of New York is without merit upon the papers before us. As to the other objections now raised by appellant, they were not raised in the court below, and the appellant is not in a position to take advantage of them. The order should be affirmed, with ten dollars costs and disbursements to the respondent, with leave to the defendant to answer within ten days upon payment of said costs. Present — Clarke, P. J., Dowling, Smith, Merrell and McAvoy, JJ. Order affirmed, with ten dollars costs and disbursements, with leave to defendant to answer within ten days from service of order upon payment of said costs.

---

WALTER BLAIR and Another, Appellant, *v.* RICHMOND LEVERING & CO., INC., Respondent.

*Appeal — Court of Appeals — permission granted to appeal to Court of Appeals.*

Motion for leave to appeal to the Court of Appeals from a judgment entered upon the order of this court which was entered herein on the 25th day of January, 1924, or for a reargument of the appeal herein. (See *ante*, p. 726.)

PER CURIAM: The motion for reargument is denied. The motion for leave to appeal to the Court of Appeals is granted, because there is a reasonably debatable question as to whether or not the construction of the condition on the reverse side of the call requires a demand for the stock mentioned therein within a reasonable time, or whether the condition prescribed indicates by its own language that no call need be made until the exchange apparently contemplated by its terms has been completed, and the new stock for exchange issued. Present — Clarke, P. J., Dowling, Smith, Merrell and McAvoy, JJ. Motion for leave to appeal to the Court of Appeals granted; motion for reargument denied.

---

* Since repealed and revised by Stock Corp. Law of 1923, § 110. See, also, Laws of 1923, chap. 787, §§ 2, 3, 5.— [REP.